BROWN et al. v. UNITED STATES & BRAZIL MAIL STEAMSHIP CO.
et al.

(Supreme Court, Special Term, New York County. April, 1894.)

RECEIVERS—RIGHT TO HOLD FUNDS.

Pending an action in a state court to enforce a lien against freight moneys of a steamship company, an order was granted pursuant to a stipulation between the parties that the moneys be deposited with a trust company to the credit of the action. Afterwards a receiver of the steamship company was appointed, and on the trial the court decided that it had no jurisdiction. Plaintiff had also sued in rem in the federal court to enforce his lien. *Held*, that the moneys deposited with the trust company to the credit of the action would be ordered to be paid to the receiver, as the stipulation did not provide what should be done with the moneys in case it should be held that the action was not maintainable.

Action by John Crosby Brown and others against the United States & Brazil Mail Steamship Company, Henry Winthrop Gray, as receiver, and others. The receiver moves for an order requiring defendant company to deliver to him certain moneys deposited with the Central Trust Company. Granted.

Cary & Whitridge (Willard Parker Butler, of counsel), for plaintiffs.
Howard Van Sinderen, for the receiver.
Carter & Ledyard (Edmund L. Baylier, of counsel), for defendant Atlantic Trust Co.

O'BRIEN, J. This is a motion by the permanent receiver of the defendant company for an order for delivery to him of certain moneys deposited with the Central Trust Company. Brown Bros. & Co. were creditors of the steamship company for the amount of certain drafts accepted and paid by them, drawn on letters of credit issued. On receiving these letters of credit, the steamship company delivered to Brown Bros. & Co. an agreement to make good the amount of any drafts drawn, and, as collateral security for such payment, pledged all freight moneys, earned and to be earned. The Atlantic Trust Company was trustee of a mortgage executed by the steamship company, which covered five ships, and, among other things, all contracts and property, and all tolls, income, profits, etc., arising out of such properties, and the right to

collect and recover the same. Certain bankers other than Brown Bros. & Co. had also issued letters of credit to the steamship company, and paid drafts thereunder, and claimed to be entitled to a specific lien or claim upon the freight moneys earned by the company. In February, 1893, this action was commenced by Brown Bros. & Co. to enforce their pledge, and to procure the appointment of a receiver of the freight moneys, some of which were already in the possession of the steamship company or its agents, and others of which were in process of being earned; the vessels being at sea, and not having then arrived in the port of New York. The Atlantic Trust Company intervened as a defendant, asserting that its right was superior to that of the other claimants to the specific interest in these moneys. Thereupon a stipulation was entered into, of which the following is a copy:

"N. Y. Supreme Court.

"John Crosby Brown and others v. United States & Brazil Mail Steamship Company.

"The plaintiff having applied for the appointment of a receiver for freight moneys received or to be received by the defendant, upon the allegations set forth in the complaint; and the Atlantic Trust Company, as trustee of the mortgage of the defendant dated July 1, 1889, having applied for leave to intervene as a party defendant, which application is not opposed by the other parties, claiming certain alleged equities in or liens upon said fund, upon the allegations contained in the petition for intervention; and the defendant stating that claims for certain equities in or liens upon said fund are also made by other persons making such claims, and alleging that the same arise under, or by reason of, certain bankers' credits issued to the defendant by certain bankers in the city of New York; and the defendant conceding that some or all of the parties and persons above named or referred to is or are entitled to the possession of said freight moneys, whether or not already received by the defendant, but that the said defendant is unable to determine which of said several claimants is entitled to such moneys or any part thereof, as against each other: Now, it is stipulated and agreed, by and in behalf of all the parties hereto, by their attorneys, for the benefit of them and of all the persons above referred to, that there be forthwith deposited in the Central Trust Company, in the city of New York, to the credit of this action, all the freight moneys now in possession of the said defendant or its agents, Paul F. Gerhardt & Co., as well as all freight moneys hereafter to be received by the said defendant or its said agents, or any person claiming under them, or either of them, or in their behalf, on account of the ships Kate, Joshua Nicholson, Seguranca, Elsie, Etherley, and any and all other ships owned, operated, or chartered by said defendant; such moneys to be kept as a separate fund by the said trust company, subject to the further order of this court; either of the parties herein named or above referred to, upon intervention herein, and upon notice to the other parties, being authorized to apply to the court for any such further order. It is further agreed that either of the parties hereto may, without further notice, enter an order herein in accordance with the foregoing stipulation.

"Dated New York, March 15th, 1893."

The order for the deposit of freight moneys, which is the subject of this application, directs that:

"The defendant, the United States & Brazil Mail Steamship Company, forthwith deposit with the Central Trust Company of New York, to the credit of this action, which trust company is hereby designated as depository for such purpose, all the freight moneys now in possession of the defendant or its agents, Paul F. Gerhardt & Co., as well as all freight moneys hereafter to be received by the said defendant or its agents, or any person claiming under them, or either of them, or in their behalf, on account of the ships Kate, Joshua Nicholson, Seguranca, Elsie and Etherley, and any and all other ships

owned, operated, or chartered by the defendant; such moneys to be kept as a separate fund by the said trust company, subject to the further order of this court. And it is further ordered that either of the parties in said stipulation named, or therein referred to, upon intervention herein, upon notice to the other parties hereto, be, and they are hereby, authorized to apply to this court for any such further order."

This order for the deposit of freight moneys was made on March 15, 1893, and three days after H. W. Gray was appointed temporary receiver of the steamship company in a judgment creditors' action then pending in this court, and an order was subsequently made, allowing such receiver to intervene in this action; and such receiver thereafter did intervene and answered, taking issue with the plaintiff, and claiming to be entitled to possession of, and to administer, the fund. On March 6, 1894, the temporary receiver was made permanent receiver of the defendant corporation, and on the following day gave notice to all the parties of this application. Although the bulk of the money now on deposit with the trust company under the stipulation was deposited prior to the appointment of the temporary receiver, it is conceded that a small portion of it was collected and deposited after such appointment.

If there were no facts other than those above stated, then, though there might be much force in the suggestion that the moneys deposited subsequent to his appointment should be transferred to the receiver, still I think that, with respect to the moneys deposited prior to his appointment, they should be retained by the trust company, under the terms of the stipulation, to the credit of this action, wherein the rights of all the parties would be determined, and the fund accordingly distributed. In addition, however, it is made to appear that, besides the freight moneys collected and deposited, certain other freight moneys were collected and retained by owners of several of the vessels chartered to the defendant company; and for the purpose of reaching such moneys an application was made to enjoin such owners from collecting the freight moneys, and to direct them to deposit the same, to the credit of this action, with the trust company. This motion being in part granted, and the order entered thereon, an appeal was taken to the general term of this court by the owner of the vessel chartered to the defendant company; and it was upon such appeal held that this, being an equitable action, brought in the first instance to enforce a maritime lien in favor of the plaintiff, and that as, by the amendment to the complaint, it is sought to adjudicate as to the existence of the maritime liens claimed by the appellant, and, if found to exist, to determine their amount, this court had no jurisdiction to entertain such an action, but that of such actions the federal courts have exclusive jurisdiction. 24 N. Y. Supp. 61. Upon appeal from the general term to the court of appeals, the latter court dismissed such appeal. Not content with resting their rights upon this action, the plaintiffs brought actions in rem in the United States district court, in which several actions the Central Trust Company was served with process by the United States marshal. The situation, therefore, is that a fund is on deposit in the trust company to the credit of this action,

and for want of jurisdiction the court is powerless to determine the respective rights of the parties to the fund, and in the mean time the plaintiffs are proceeding to enforce their claims in the federal courts, and just who are parties in those actions does not clearly appear.

The contention made that, by depositing, the steamship company divested itself of all right to the fund, and turned it over to the possession of such persons as might establish a lien thereon, seems to me to be stating the position too strongly, and too favorably to those claiming liens; the fact being that the defendant company, while admitting that these freight moneys were the subject of dispute between various claimants, whose rights it was unable to determine, and was willing to submit to the court, depositing in the mean time such moneys to the credit of the action, it remained, by the terms of the stipulation, a party to such action, with a view of seeing to it that the fund should not be paid out, except, upon an order or judgment of the court, to those rightfully entitled thereto.   The receiver, for all practical purposes, is, and takes the place of, the corporation; and whether the fund remains on deposit subject to the determination in some other action, to be brought in the federal court, or in the actions already brought by the plaintiff in such court, it is clear that the receiver should be present to protect the interests of all the parties in and to the fund.   As said, if this action were maintainable, and the rights of the parties could be determined herein, then my conclusion would be that as the receiver was permitted to intervene, and, after his appointment as permanent receiver, would have obtained leave to file an additional answer, if that should be deemed necessary, he could thus have protected the rights of all persons whom he represents and was appointed to protect, without disturbing the fund as deposited.   As it now stands, however, the fund is in the trust company; and as the stipulation did not provide for the contingency which has happened, as to what should result in the event that this action in which the rival claims were to be disposed of should not be maintainable, and as no possible injury can result to any person having, or claiming to have, a special lien upon the fund, by having it transferred to the receiver, and as, on the other hand, there might be some danger that in an action such as the plaintiffs here have brought in the federal court, to which all those claiming an interest in the fund might not be parties, such fund might be paid out, through misapprehension, or failure to have all the parties before the court, without a full consideration of persons who had an interest therein, and were not before the court, it seems proper that provision should be made to prevent any such happening.   My conclusion is, therefore, that the motion should, in part, be granted, by directing the transfer of the fund to the credit of the receiver, but requiring him to retain the same as a separate fund on deposit with a trust company, subject to any rights that the parties may have acquired under their stipulation or other proceedings in the admiralty court, and without prejudice to, and subject to, the rights of all persons who claim special liens upon the fund.   Then, in the

event that such liens are established against the corporation, the fund will be in a position to respond, or, in the event that the parties do not obtain a disposition of the rival claims within a reasonable time, the receiver will be in a position, in the administration of the affairs of the corporation, to put the machinery in motion for a determination of such claims. To the extent indicated, therefore, the motion should be granted.